IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRIAN OBLAD, <br><br> Plaintiff, <br><br> v. <br><br> LORI SMITH et al., <br><br> Defendants. | **MEMORANDUM DECISION & ORDER DENYING MOTIONS & REQUIRING SECOND AMENDED COMPLAINT** <br><br> Case No. 2:17-CV-102-JNP <br><br> District Judge Jill N. Parrish |

Plaintiff, inmate Brian Oblad, filed this civil rights suit, *see* 42 U.S.C. § 1983. The Court now screens Plaintiff's Amended Complaint under 28 U.S.C. § 1915A.

**Deficiencies in Amended Complaint**

Amended Complaint:

(a) is mostly not on the form complaint **required by the Court** and supplied by the Court when it granted Plaintiff's motion to amend his complaint.

(b) does not set forth in clear, concise, and well-organized fashion elements of causes of action sought to be pursued by Plaintiff.

(c) fails to provide an affirmative link between specific defendants and specific civil-rights violations.

(d) appears for the most part to fail to state a constitutional claim because parole is not a federal right (see below).

(e) possibly alleges claims that concern the constitutionality of his imprisonment, which should be brought in a habeas-corpus petition, not a civil-rights complaint.

(f) alleges claims that are possibly invalidated by the rule in *Heck* (see below).

(g) has claims apparently regarding current confinement; however, the complaint was apparently not drafted with the help of contract attorneys.

## Instructions to Plaintiff

Plaintiff should consider the following points before refiling his complaint. First, the revised complaint **must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original or other amended and supplemental complaints**. *See Murray v. Archambo,* 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original).

Second, the complaint must clearly state what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly who is alleged to have done what to whom.'" *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

Third, Plaintiff cannot name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

Fourth, "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

**Lack of Federal Constitutional Issue**

Fifth, Plaintiff's arguments about the lack of due process or fairness in parole procedures involve BOP's faulty consideration of information in determining whether to grant him parole. This does not state the violation of a federal constitutional right. After all, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). "Parole is a privilege," not a constitutional right. *See Lustgarden v. Gunter*, 966 F.2d 552, 555 (10th Cir. 1992). Furthermore, it is well established that the Utah parole statute does not create a liberty interest entitling prisoners to federal constitutional protection. *See Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994). Because Plaintiff has no substantive liberty interest in parole under the Federal Constitution, he cannot in this federal suit challenge the procedures used to deny him parole. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983). Therefore, the Court concludes that Plaintiff fails to state a claim regarding this issue.

*Heck*

Finally, the Court concludes that Plaintiff's claims appear to involve some allegations that if true may invalidate his continued imprisonment. "In *Heck*, the Supreme Court explained that a § 1983 action that would impugn the validity of a plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." *Nichols v. Baer*, No. 08-4158, 2009 U.S. App. LEXIS 4302, at *4 (10th Cir. Mar. 5, 2009) (unpublished) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). *Heck* prevents litigants "from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for

habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citation omitted). *Heck* clarifies that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." 512 U.S. at 486.

Plaintiff argues that Defendants violated his constitutional rights in a way that may attack Petitioner's very imprisonment. *Heck* requires that, when a plaintiff requests damages in a § 1983 suit, this Court must decide whether judgment in the plaintiff's favor would unavoidably imply that his continued imprisonment is invalid. *Id.* at 487. Here, it appears it may regarding some claims. If this Court were to conclude that Plaintiff's constitutional rights were violated in a prejudicial manner, it would be stating that Plaintiff's continued imprisonment is not valid. Thus, the involved claims "must be dismissed unless the plaintiff can demonstrate that his continued imprisonment has already been invalidated." *Id.* This has apparently not happened and may result in dismissal of such claims.

## ORDER

**IT IS HEREBY ORDERED** that:

(1) Plaintiff must within thirty days cure the deficiencies noted above.

(2) If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

(3) Plaintiff's third and fourth motions for appointed counsel, (Doc. Nos. 50 & 53), are **DENIED,** for the same reasons stated in the prior order in this case denying appointment of voluntary *pro bono* counsel, (Doc. No. 48). **The Clerk of Court shall take note that no further motions for appointed counsel will be accepted by the Court**.

(4) Plaintiff's motion for discovery and depositions is **DENIED**. (Doc. No. 52.) This motion is premature as there is still not a valid complaint on file here.

DATED July 3, 2018.

BY THE COURT:

JUDGE JILL N. PARRISH
United States District Court