IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRIAN OBLAD,<br><br>               Plaintiff,<br><br>v.<br><br>LORI SMITH et al.,<br><br>               Defendants. | **MEMORANDUM DECISION & ORDER TO SHOW CAUSE REGARDING FAILURE TO CURE DEFICIENT SECOND AMENDED COMPLAINT**<br><br>Case No. 2:17-CV-102-JNP<br><br>District Judge Jill N. Parrish |

• February 10, 2017    Submission of prisoner civil-rights complaint. (Doc. No. 3.)

• January 3, 2018    Order granting Plaintiff's motion to amend his complaint, giving guidance on amending the complaint, and denying two motions for appointed counsel. (Doc. No. 48.)

• July 3, 2018    Order screening Amended Complaint, (Doc. No. 49), requiring Plaintiff to cure the deficiencies in a second amended complaint, giving guidance on amending the complaint, and denying Plaintiff's third and fourth motions for appointed counsel. (Doc. No. 54.)

• July 19, 2018    Order granting sixty-day extension to file second amended complaint. (Doc. No. 57.)

• August 20, 2018    Second Amended Complaint filed. (Doc. No. 60.)

• May 8, 2019    Order screening Second Amended Complaint, requiring Plaintiff to cure deficiencies in a third amended complaint (due June 7, 2019), and giving guidance on amending the complaint. (Doc. No. 65.)

• May 29, 2019    Filing of Plaintiff's motion to stay and to transfer all exhibits from this case to state court. (Doc. No. 68.)

      Plaintiff's motion to stay is not well founded. It is based on his "transition[] out of the prison to the streets." (*Id.*) However, the court has been patiently trying to get a valid complaint

on the docket for over two years now, all the while providing guidance and resources. Plaintiff has had plenty of time to get this done; thus, his motion is denied.

Plaintiff's motion for the court to "transfer exhibits filed in this case to be taken to 3d District Court . . . [and] make exhibits & documents available to [Plaintiff]" is also denied. There are six docket entries of exhibits, totaling 134 pages and an audio disc. This is a burdensome request without any support; his motion is therefore denied.

### FINAL EXPLANATION OF SECOND AMENDED COMPLAINT'S DEFICIENCIES

Second Amended Complaint:

(a) does not properly affirmatively link defendants to civil-rights violations (e.g., no defendant is linked to inadequate-medical-treatment claim regarding dental emergency).

(b) possibly asserts claims regarding the constitutional validity of his imprisonment, which should be brought in a habeas-corpus petition, not a civil-rights complaint.

(c) asserts claims that are possibly invalidated by the rule in *Heck* (see below).

(d) fails to state a constitutional claim regarding parole which is not a federal right (see below).

(e) suggests a violation of the rule in *Labrum v. Utah State Bd. of Pardons*, 870 P.2d 902 (1993); however, *Labrum* is Utah law so does not set forth a federal civil-rights cause of action.

(f) does not acknowledge the potential Eleventh Amendment immunity attached to decisions of the Utah Board of Pardons and Parole.

(g) has claims apparently regarding current confinement; however, the complaint was apparently not drafted with the help of contract attorneys.

### FINAL GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of

what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from complying with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider these general points before filing an amended complaint:

(1) The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). The amended complaint may also not be added to after it is filed without moving for amendment.[1]

---

[1] The rule on amending a pleading reads:
    (a) Amendments Before Trial.
        (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
            (A) 21 days after serving it, or
            (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
        (2) Other Amendments. In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
Fed. R. Civ. P. 15.

(2) The complaint must clearly state what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.

(3) Plaintiff may not name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

(4) Grievance denial alone with no connection to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

(5) "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.S. § 1997e(a) (2019).

(6) "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." *Id*. § 1997e(e).

- *Heck*

The Court concludes that Plaintiff's claims appear to include some allegations that if true may invalidate his sentence's execution. "In *Heck*, the Supreme Court explained that a § 1983 action that would impugn the validity of a plaintiff's [incarceration] cannot be maintained unless the [basis for incarceration] has been reversed on direct appeal or impaired by collateral proceedings." *Nichols v. Baer*, No. 08-4158, 2009 U.S. App. LEXIS 4302, at *4 (10th Cir. Mar. 5, 2009) (unpublished) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). *Heck* keeps litigants "from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citation omitted). *Heck* clarifies that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." 512 U.S. at 486.

Plaintiff argues that Defendants breached his constitutional rights in a way that may attack Petitioner's very imprisonment. *Heck* requires that, when a plaintiff requests § 1983 damages, this Court must decide whether judgment for the plaintiff would unavoidably imply that Plaintiff's incarceration is invalid. *Id.* at 487. Here, it appears it may on some claims. If this Court were to conclude that Plaintiff's constitutional rights were violated in a prejudicial manner, it would be stating that Plaintiff's incarceration was not valid. Thus, the involved claims "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* This has apparently not happened and may result in dismissal of such claims.

### • Right to Parole

Plaintiff's arguments about lack of due process or fairness in parole procedures involve BOP's faulty consideration of information in determining whether to grant him parole. This does not state the violation of a federal constitutional right. After all, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). "Parole is a privilege," not a constitutional right. *See Lustgarden v. Gunter*, 966 F.2d 552, 555 (10th Cir. 1992). Furthermore, it is well established that the Utah parole statute does not create a liberty interest entitling prisoners to federal constitutional protection. *See Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994). Because Plaintiff has no substantive liberty interest in parole under the Federal Constitution, he may not in this federal suit challenge procedures used to deny him parole. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983). Therefore, the Court concludes that Plaintiff fails to state a claim regarding this issue.

## ORDER

**IT IS HEREBY ORDERED** that:

(1) Plaintiff must within thirty days show cause why this case should not be dismissed because he has not, as required, cured the Second Amended Complaint's deficiencies noted above. Plaintiff should best respond by curing deficiencies and filing a document entitled, "Second Amended Complaint."

(2) The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a form civil-rights complaint for Plaintiff to use if he wishes to pursue a third amended complaint.

(3) If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

(4) Plaintiff shall not try to serve a third amended complaint on Defendants; instead the Court will perform its screening function and determine itself whether the complaint warrants service. No motion for service of process is needed. *See* 28 U.S.C.S. § 1915(d) (2019) ("The officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases.").

(5) Plaintiff's motion for stay and for the Court to transfer exhibits to the state court and to make exhibits available to him is **DENIED**. (Doc. No. 68.)

DATED August 5, 2019.

BY THE COURT:

JUDGE JILL N. PARRISH
United States District Court