IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRIAN JAMES OBLAD,<br><br>       Plaintiff,<br><br>  vs.<br><br>LEON BUTLER ET AL.,<br><br>       Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS**<br><br>Case No. 2:17-cv-00102-JNP<br><br>District Judge Jill N. Parrish |

Plaintiff, Brian James Oblad, is a *pro se* prisoner proceeding *in forma pauperis.* (ECF No. 2.) In his verified third amended civil-rights complaint, he requests compensatory damages and costs. (ECF No. 72, at 6.)

## I. BACKGROUND

Plaintiff names as defendants Utah State Prison (USP) employees Roy Bickel (mental-health worker); Leon Butler (psychologist); Jillian Okarma (nurse); and Nick Smith (officer). (*Id.* at 2-3; ECF No. 86, at 6.)

He contends Defendants Bickel and Butler violated his federal rights under the Americans with Disabilities Act (ADA) and to equal protection. *See* U.S. Const. amend. XIV, cl. 1 ("No State shall … deny to any person within its jurisdiction the equal protection of the laws."); 42 U.S.C.S. § 12132 (2020) ("[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by an such entity."). He further contends that Okarma and Smith violated his federal right against cruel and unusual punishment. U.S. Const.

amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.").

Asserting failure to state a claim upon which relief may be granted and qualified immunity, Defendants move for dismissal. (ECF No. 86, at 6.) Plaintiff filed "Opposition to Dismissal Motion," with no substantive arguments. (ECF No. 93.) The dismissal motion is granted.

## II. ADA CLAIM

Plaintiff argues that Defendants Bickel and Butler violated the ADA by "fudging" facts in his mental-health evaluation based on his drug-use history. (ECF No. 72, at 4.)

Evaluating a complaint for failure to state a claim upon which relief may be granted, all well-pleaded factual assertions are taken as true and regarded in a light most advantageous to Plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is appropriate when those facts are assumed true, but Plaintiff still has not posed a "plausible" right to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil-rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason

to believe *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original).

This Court must construe pro se "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted). This means that if this Court can reasonably read the pleadings "to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam)).

> To state a failure-to-accommodate claim under [ADA], [Plaintiff] must show: (1) he is a qualified individual with a disability; (2) he was "either excluded from participation in or denied the benefits of some public entity's services, programs, or activities"; (3) such exclusion or denial was by reason of his disability; and (4) [Defendants] knew he was disabled and required an accommodation.

*Ingram v. Clements*, 705 F. App'x 721, 725 (10th Cir. 2017) (quoting *J.V. v. Albuquerque Pub. Sch.*, 813 F.3d 1289, 1295, 1299 (10th Cir. 2016)). Further,

> "Courts have recognized three ways to establish a discrimination claim: (1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation." *J.V.*, 813 F.3d at 1295. "The ADA requires more than physical access to public entities: it requires public entities to provide 'meaningful access' to their programs and services."

> *Robertson v. Las Animas County Sheriff's Dep't*, 500 F.3d 1185, 1195 (10th Cir. 2007). To effectuate this mandate, "the regulations require public entities to 'make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability.'" *Id*. (quoting 28 C.F.R. § 35.130(b)(7)).

*Villa v. D.O.C. Dep't of Corr.*, 664 Fed. Appx. 731, 734 (10th Cir. 2016).

Plaintiff states his disability is "drug use history," for which he was "discriminat[ed] against." (ECF No. 72, at 5.) Accepting these statements as true for this Order only, the Court concludes Plaintiff has fatally omitted specific allegations of his exclusion from USP's "services, programs, or activities," or any accommodations he was due, because of his drug-use history. *Ingram*, 705 F. App'x at 725. This failure to state a claim came even after the Court's orders repeatedly gave written guidance to Plaintiff on properly amending his complaint and opportunity for him to file four iterations of his complaint.  (ECF Nos. 3, 48, 49, 54, 60, 65, 70, & 72.) Plaintiff's ADA claim against Defendants Bickel and Butler is thus dismissed.

### III. CRUEL-AND-UNUSUAL-PUNISHMENT & EQUAL-PROTECTION CLAIMS

Plaintiff's equal-protection claim appears to mirror his ADA claims against Bickel and Butler.[1] Plaintiff also maintains that Defendants Okarma and Smith subjected him to cruel and unusual punishment by making him wait eleven days for pain medication for an impacted wisdom tooth that he told them about.

In their motion to dismiss, Defendants assert the defense of qualified immunity.

> "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v.*

---

[1] Again, he specifies no acts of discrimination, and so fails to state a claim, which alternatively disqualifies him for relief.

*Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "Qualified immunity balances two important interests--[1] the need to hold public officials accountable when they exercise power irresponsibly and [2] the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Id.* The purpose of the doctrine is to provide government officials "breathing room to make reasonable but mistaken judgments about open legal questions." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1866 (2017) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011)).

> "Because the focus is on whether the officer had fair notice that her conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct." *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (internal quotation marks omitted). When a defendant raises the qualified-immunity defense, the plaintiff must therefore establish (1) the defendant violated a federal statutory or constitutional right and (2) the right was clearly established at the time of the defendant's conduct. *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018). Under this two-part test, "immunity protects all but the plainly incompetent or those who knowingly violate the law." *Kisela*, 138 S. Ct. at 1152 (quoting *White v. Pauly*, 137 S. Ct. 548, 551 (2017)).

*Ullery v. Bradley*, 949 F.3d 1282, 1289 (10th Cir. 2020).

> The test imposes a "heavy two-part burden." *Casey v. W. Las Vegas Indep. Sch. Dist.*, 473 F.3d 1323, 1327 (10th Cir. 2007) (internal quotation marks omitted). If the plaintiff fails to satisfy either part of the two-part inquiry, a court must grant the defendant qualified immunity. *See Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001). The court has discretion to decide which of the two prongs of the qualified-immunity analysis to address first. *See Pearson*, 555 U.S. at 236. "If, and only if, the plaintiff meets this two-part test does a defendant then bear the traditional burden of the movant for summary judgment...." *Clark v. Edmunds*, 513 F.3d 1219, 1222 (10th Cir. 2008) (internal quotation marks omitted).

*Grissom v. Roberts*, 902 F.3d 1162, 1167 (10th Cir. 2018); *see also Watson v. Univ. of Utah Med.*

*Ctr.*, 75 F.3d 569, 577 (10th Cir. 1996) (stating only if plaintiff makes threshold showing does

burden shift to defendants to show no disputed facts remain that would defeat qualified-immunity

defense) (citing *Jantz v. Muci*, 976 F.2d 623, 627 (10th Cir. 1992)).

    The Court focuses not on the alleged violation of Plaintiff's federal constitutional rights,

but on his failure to carry his burden of showing that his rights were "clearly established at the

time of the defendant's conduct." *Ullery*, 949 F.3d at 1289.

> "A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (per curiam) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). "To be clearly established, a legal principle must have a sufficiently clear foundation in then-existing precedent." *Wesby*, 138 S. Ct. at 589. "The dispositive question is 'whether the violative nature of the *particular* conduct is clearly established.'" *Mullenix*, 136 S. Ct. at 308 (quoting *al-Kidd*, 563 U.S. at 742). Accordingly, the Supreme Court has repeatedly admonished circuit courts "not to define clearly established law at a high level of generality." *Kisela*, 138 S. Ct. at 1152. Though "a case directly on point" is not required, "existing precedent must have placed the constitutional question regarding the illegality of the defendant's conduct beyond debate." *Cummings v. Dean*, 913 F.3d 1227, 1239 (10th Cir.), *cert. denied sub nom. Cummings v. Bussey*, 140 S. Ct. 81 (2019).
>
> "Ordinarily . . . there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other [circuits] must have found the law to be as the plaintiff maintains." *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012) (internal quotation marks omitted).
> . . . .
> . . . [W]e decline to consider district court opinions in evaluating the legal landscape for purposes of qualified immunity.

*Ullery*, 949 F.3d at 1291, 1300 (other citations omitted); *see also Watson*, 75 F.3d at 577 (stating

burden "quite heavy" because "plaintiff must do more than simply allege the violation of a general

legal precept [and] . . . must 'instead demonstrate a substantial correspondence between the

conduct in question and prior law allegedly establishing that the defendant's actions were clearly

prohibited'") (first ellipses in original) (quoting *Jantz*, 976 F.2d at 627).

The qualified immunity analysis "may appear unduly formalistic . . . . But this is the task required of [courts] under the qualified-immunity precedents [courts] are obligated to follow." *Ullery*, 949 F.3d at 1301.

Having thoroughly and generously reviewed Plaintiff's filings after the motion to dismiss, (ECF Nos. 92-94, 97, 99, 100-02), the Court concludes that Plaintiff has not met his burden to show his "right was clearly established at the time of the defendant's conduct." *Ullery*, 949 F.3d at 1289. In these documents, Plaintiff offers no argument whatsoever to Defendants' assertion of qualified immunity; he does not even acknowledge his burden. (ECF No. 93.) Plaintiff's cruel-and-unusual-punishment and equal-protection claims are thus dismissed.

### IV. CONCLUSION

Accordingly, **IT IS ORDERED** that:

(1) Plaintiff's ADA claim is **DISMISSED** for failure to state a claim upon which relief may be granted.

(2) Plaintiff's cruel-and-unusual-punishment and equal-protection claims are **DISMISSED** on the basis of qualified immunity.

(3) Defendants' Motion to Dismiss is **GRANTED**. (ECF No. 86.)

(4) Plaintiff's pending motions are **DENIED** as moot, based on dismissal of all claims and defendants in this Order. (ECF Nos. 92-94, 100-101, 103.)

(5) With no controversy remaining in this Court, this action is **CLOSED.**

DATED September 23, 2020.

BY THE COURT:

JUDGE JILL N. PARRISH
United States District Court